IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| TAWNYA SAMUEL, and<br>MICHAEL SAMUEL,<br>on behalf of their minor child, C.S.,<br><br>          Plaintiffs,<br><br>   vs.<br><br>SOUTHERN BOONE SCHOOL DISTRICT,<br>*et al.*,<br><br>          Defendants. | Case No. 2:24-cv-04130-MDH |

## ORDER

Before the Court are Defendants' motion for judgment on the pleadings (Doc. 24) and motion to dismiss. (Doc. 25). The motions are ripe for review.

## BACKGROUND

Plaintiffs, Tawnya Samuel and Michael Samuel, are the parents and guardians of C.S., a minor. C.S. is enrolled as a student at Southern Boone Middle School. Plaintiffs have brought their claims against the following defendants: Southern Boone School District; Board of Education of the Southern Boone School District; Justin Griffith, individually and in his official capacity, as the Principal of Southern Boone Middle School; William Beaudoin, individually and as the Vice Principal of Southern Boone Middle School; Ashley Bruce, individually and as the Vice Principal of Southern Boone Middle School; Melisa Pulkrabek, individually and as a teacher at Southern Boone Middle School; Tara Blue, individually and as a teacher at Southern Boone Middle School; Shelby Contrades, individually and as a teacher at Southern Boone Middle School; Julie O'Reilly-Chapman, individually and as a librarian of Southern Boone Middle School; Ashely Roth, individually and as a counselor of Southern Boone Middle School; Brett Strauser, individually and

1

as a counselor of Southern Boone Middle School; Carolyn Pridemore, individually and as the 504 Coordinator; and Dr. Tim Roth, individually and as the Interim Superintendent.

Plaintiffs' Complaint brings twelve counts against the District, the Board, and eleven employees of the District. The Claims are Count I - 42 U.S.C. §1983 (against all Defendants); Count II - Disability Discrimination in Violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 (against all Defendants); Count III - Violation of R.S.Mo. § 160.775 and District Policies (against all Defendants); Count IV - Violation of Ministerial Duties (against all Defendants); Count V - Discrimination in Public Accommodations (against all Defendants); Count VI - Negligence (against all Defendants); Count VII - Intentional or Reckless Infliction of Emotional Distress (against all Defendants); Count VIII - 42 §1983 Deprivation of Federal Rights (against all Defendants); Count IX - State Created Danger (against all Defendants); Count X - Supervisory Liability for Participation In and Encouragement of Unconstitutional Misconduct by Subordinates (42 U.S.C. §1983) (against Defendants Griffith, Beaudoin, Bruce, and T. Roth); Count XI - Denial of Substantive Due Process through Failure to Train and Supervise (42 U.S.C. §1983) (against all Defendants); Count XII Denial of Substantive Due Process through a Policy, Custom and Practice of Failing to Respond or Prevent Bullying in its Schools (42 U.S.C. §1983) (against all Defendants).

Plaintiffs' Complaint is 67 pages and includes over 85 paragraphs of factual allegations. For purposes of this Order the Court does not reiterate every allegation set forth in the Complaint. However, the Court construes the allegations in a light most favorable to Plaintiffs.

Plaintiffs allege C.S. is a person with a disability as the term is used under Section 504 of the Rehabilitation Act of 1973 and under the Americans with Disability Act. C.S. has been

2

Case 2:24-cv-04130-MDH    Document 104    Filed 09/29/25    Page 2 of 17

diagnosed and suffers from Attention Deficit Hyperactivity Disorder ("ADHD"), has developed anxiety, and depression.

C.S. has been enrolled in the Southern Boone Middle School. Plaintiffs allege the District has failed to follow, and has violated, C.S.'s 504 Plan. Plaintiffs contend Defendants refuse to adequately follow and provide reasonable accommodations to C.S. The specific details of the lengthy alleged violations committed by Defendants are contained in the Complaint. The allegations range from discrimination, failure to follow policies, bullying (including verbal and physical allegations), harassment, failure to accommodate lunch seating, failure to accommodate class placement, failure to implement and follow the 504 Plan, retaliation, and deliberately "ruining" C.S.'s chances of acceptance to an alternative school. Plaintiffs also allege C.S. was treated differently than similarly situated peers and that Defendants were put on notice of the hostile, abusive, and unsafe environment.

Plaintiffs' claim Defendants were aware of C.S.'s physical and mental decline but did nothing to prevent, and in some instances promoted, the bullying and harassment. Plaintiffs allege Defendants were not only aware of the incidents but also willfully called out C.S. in front of other students in a way that contributed to the hostile environment. Plaintiffs allege others have reported acts of bullying, harassment, and discrimination and were treated differently than C.S. For example, Plaintiffs allege after C.S. made reports he was blamed, ostracized, and discriminated against by Defendants. Plaintiffs allege the harassment and bullying of C.S. was so severe and had such a negative effect on him that his pediatrician notified the school of the issues. The Court again states this is a generalization of the allegations and that further specificity is unnecessary for purposes of ruling on the pending motions.

3

Case 2:24-cv-04130-MDH    Document 104    Filed 09/29/25    Page 3 of 17

Defendants move to dismiss Plaintiffs' Complaint arguing: Plaintiffs' Section 1983 claims fail to state a claim because Plaintiffs have failed to allege facts that Defendants' conduct deprived C.S. of any constitutionally protected federal right, that the District's training and supervision were inadequate, or that Defendants were deliberately indifferent. Defendants also contend Plaintiffs fail to identify a constitutional violation. Defendants argue Plaintiffs' claims also fail to state a claim because Plaintiffs have failed to allege any facts that C.S. was denied the benefit of a public education or how Defendants failed to offer or implement reasonable accommodation under C.S.'s 504 plan. Defendants' additional arguments are addressed herein.

## STANDARD OF REVIEW

The Court applies the same standard on a motion for judgment on the pleadings as in a Fed. R. Civ. P. 12(b)(6) motion for failure to state a claim. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir.1990) ("[W]e review this 12(c) motion under the standard that governs 12(b)(6) motions.").

To survive a motion to dismiss, the complaint must state a claim to relief that is plausible on its face, meaning that the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (internal quotations and citation omitted). The court "must take all factual allegations [made by the plaintiff] as true when considering a motion to dismiss." *K.J. as Next Friend for K.D. v. St. Joseph Sch. Dist.*, No. 18-6113-CV-SJ-SRB, 2019 WL 267743, at *2 (W.D. Mo. Jan. 18, 2019); citing, *Great Plains Trust*

4

*Co. v. Union Pac. R.R. Co.*, 492 F.3d 986, 995 (8th Cir. 2007); and *Data Mfg., Inc. v. United Parcel Service, Inc.*, 557 F.3d 849, 851 (8th Cir. 2009) (noting "[t]he factual allegations of a complaint are assumed true and construed in favor of the plaintiff, even if it strikes a savvy judge that actual proof of those facts is improbable"). The Court reviews the Complaint in a light most favorable to Plaintiffs to determine whether they have stated a claim.

## DISCUSSION

1. **Southern Boone School District and the Board of Education of the Southern Boone School District's Motion for Judgment on the Pleadings as to Count VI - Negligence and Count VII - Intentional or Reckless Infliction of Emotional Distress.**

Defendants Southern Boone School District ("District") and The Board of Education of the Southern Boone School District ("Board"), move for judgment on the pleadings on Counts VI and VII. Plaintiffs allege in Count VI and VII of their Complaint that "[u]pon information and belief, the Defendants and the Board and the School District have waived the protections afforded under Sovereign Immunity for negligence claims through the purchase of liability insurance designed to ensure these particular types of claims."

Defendants' motion for judgment on the pleadings cites the relevant insurance policy, which states, in part:

EXCLUSIONS

1. This Coverage Agreement does not apply to and we are not liable for:

k. any Claim barred by the doctrines of sovereign immunity or official immunity (other than attorneys' fees and other litigation expense incurred in defending the Claim) and nothing in this Plan Document shall constitute any waiver of whatever kind of the defense of sovereign immunity; …

Counts VI and VII are premised on the basis that the District's purchase of liability insurance acted as a waiver of its sovereign immunity protections. However, the insurance policy

5

expressly waives coverage of any such claim against the District and the Board. In response, Plaintiffs argue the insurance policy attached to the initial motion is not complete and is unclear. Defendants have subsequently attached a complete copy of the insurance agreement in Doc. 34-1.

Pursuant to Missouri Revised Statute section 537.600, public entities are entitled to sovereign immunity from tort claims: "[s]uch sovereign or governmental tort immunity as existed at common law in this state . . . shall remain in full force and effect . . . ." It is well-established that a public school is a state entity. *Patterson v. Meramec Valley R-III School District*, 864 S.W.2d 14, 15 (Mo. Ct. App. 1993). It is also well-established that a school board is a state entity entitled to the protection of sovereign immunity. Citing *Lehmen v. Wansing*, 624 S.W.2d 1, 2 (Mo. 1981).

Wherefore, after a review of the record before the Court, the Court hereby **GRANTS** the motion in favor of Defendants Southern Boone School District and The Board of Education of The Southern Boone School on Counts VI and VII.[1]

### 2. Motion to Dismiss § 1983 Claims – Counts I, VIII, X, XI, AND XII.

To begin, the Court reasserts that its current review is whether Plaintiffs have alleged enough to state a claim to survive a motion to dismiss. Whether Plaintiffs may ultimately prevail on any such claim(s), or whether summary judgment may be appropriate on any of the claim(s), is not the issue presently before the Court. Many of Defendants' arguments go to the merit of whether Plaintiffs may ultimately be able to "prove" any such claims. This is not the current analysis before the Court.

Defendants contend Plaintiffs' Section 1983 claims in Counts I, VIII, IX, X, XI, and XII fail to state a claim because Plaintiffs have failed to allege facts to demonstrate that Defendants' conduct deprived C.S. of any constitutionally protected federal right, that the District's training

---

[1] These Counts would also be dismissed in accordance with the arguments set forth in Defendants' Motion to Dismiss these claims against these Defendants.

6

and supervision were inadequate, that Defendants were deliberately indifferent to the conduct of their agents, or that Defendants failed to follow their anti-bullying policy. Defendants argue Plaintiffs also failed to identify any actual constitutional violation. Finally, Defendants contend Plaintiffs' Section 1983 claims against the individual Defendants fail because they are barred by immunity.

### A. Section 1983 Claims – Constitutionally Protected Right.

Plaintiffs bring several counts - Counts I, VIII, X, XI, and XII - for alleged violations of 42 U.S.C. §1983. To establish a Section 1983 claim, a plaintiff must show: "'(1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right.'" *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (internal citation omitted).

First, Defendants argue that even if Plaintiffs can establish the first element of their Section 1983 claim, Plaintiffs' Complaint fails to state a claim that the alleged wrongful conduct deprived C.S. of a constitutionally protected federal right.

Defendants state that Plaintiffs make two general allegations: 1) that C.S. was bullied by fellow students and that Defendants failed to properly address the bullying; and 2) that Defendants failed to properly implement C.S.'s 504 Plan. Plaintiffs argue in both situations that Defendants treated C.S. less favorably than other similarly situated students. As the Court previously noted, the factual allegations contained in the Complaint are extensive. While Defendants attempt to categorize the claims, Plaintiffs' allegations go beyond Defendants' characterization.

Plaintiffs allege Defendants offered C.S. no option except to be removed from all his classes, his favorite teachers, and friends. Plaintiffs allege this, in part, deprived him of his education and violated his rights. Plaintiffs further contend this option was not in accordance with

how other similarly situated students were treated. It is alleged students who are similarly situated are granted more options than removing a student from all his classes. In addition, Plaintiffs allege C.S. was denied the benefits of a public education as Defendants failed to offer or implement reasonable accommodation under C.S.'s Plan and that Defendants were deliberately indifferent. Again, the Court does not reiterate all the allegations contained in the Complaint.

Defendants contend Plaintiffs cannot establish the alleged conduct amounted to a substantive due process violation. In order to prove that the alleged conduct amounted to a substantive due process violation, Plaintiffs must show that the conduct "shocks the conscience." Citing *Golden ex rel. Balch v. Anders*, 324 F.3d 650, 652-653 (8th Cir. 2003). "The action must be 'truly irrational' and consist of conduct that is more than merely arbitrary, capricious, or violative of state law. *Id*. at 652 (internal citations omitted). Substantive due process "is concerned with violations of personal rights…so severe…so disproportionate to the need presented and…so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amounted to brutal and inhumane abuse of official power literally shocking to the conscience." *Id*. at 653. Negligence is not sufficient to establish substantive due process liability. See *Nicini v. Morra*, 212 F.3d 798, 810 (3d Cir. 2000).

Defendants argue Plaintiffs' allegations they failed to properly implement C.S.'s 504 Plan or to remedy the alleged bullying against him do not rise to the level of conduct that is "literally shocking to the conscience." Defendants contend Plaintiffs have failed to establish any facts beyond negligence and, as such, their Section 1983 claims fail as a matter of law. However, this argument is premature. Plaintiffs have sufficiently alleged the elements of their claims and included allegations that if proven true would state a claim under § 1983. Many of Defendants'

arguments rely on whether Plaintiffs have any evidence to support their allegations. Those arguments are better suited for a motion for summary judgment.[2]

Plaintiffs have alleged the deprivation of a constitutionally protected right. They have alleged claims for failure to supervise and train under § 1983. Plaintiffs have alleged unconstitutional policy, custom, or practice, and deliberate indifference. Again, while the Court makes no ruling on whether these claims can be substantiated, Plaintiffs have alleged facts to survive a motion to dismiss the § 1983 claims.

This same analysis applies to the training and supervision claims and the claim of supervisory liability. Supervisory liability is limited in § 1983 actions. *Ottman v. City of Indep., Mo.*, 341 F.3d 751, 761 (8th Cir. 2003). A "supervisor incurs liability for a violation of a federally protected right when the supervisor is personally involved in the violation or when the supervisor's corrective inaction constitutes deliberate indifference toward the violation." *Id.* "The supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what [he or she] might see." *Id.* A supervisor may be held individually liable under §1983 if he or she directly participates in the constitutional violation. See *Riehm v. Engelking*, 538 F.3d 952, 962–63 (8th Cir.2008).

To establish personal liability under § 1983 for supervisory defendants, a plaintiff must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of constitutional rights. See 42 U.S.C.A. §1983; and *Marsh v. Phelps Cnty.*, 902 F.3d 745, 754 (8th Cir. 2018). If a supervising official who had no direct participation in an alleged constitutional

---

[2] For example, Defendants argue Plaintiffs' claims are insufficient because an inference cannot be drawn that the complained of conduct resulted from an unconstitutional policy or custom. However, Plaintiffs have alleged the District had policies in place in their allegations. Whether Plaintiffs can actually identify or provide evidence of any such policies will be determined at a later date. This same argument applies to Plaintiffs' allegations of similarly situated students.

9

violation is sued for failure to train or supervise the offending actor, the supervisor is entitled to qualified immunity unless plaintiff proves that the supervisor (1) received notice of a pattern of unconstitutional acts committed by a subordinate, and (2) was deliberately indifferent to or authorized those acts. *Id*.

Plaintiffs must provide evidence to support the allegations related to training, Defendants' individual actions, supervision, and other claims. Plaintiffs have a high burden to establish their claims but at this stage have pled enough to survive the pending motion to dismiss. At this time the Court makes no ruling on whether Plaintiffs may ultimately prevail on their claims. Any such determination will depend on whether Plaintiffs have any evidence to support the allegations.

**B. Qualified Immunity.**

The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The question of whether a defendant should be accorded qualified immunity is a question of law. *Hawley v. Nelson*, 968 F. Supp. 1372, 1387 (E.D. Mo. 1997), aff'd, 141 F.3d 1168 (8thCir. 1998). "Qualified immunity is available (1) if the law as it relates to the relevant facts was not clearly established or (2) if a reasonable official could have believed the alleged conduct was lawful in light of the clearly established law." *Id*. (citing *Harlow*, 457 U.S. at 818-19). In determining whether the law is clearly established, the court must analyze whether the law "is sufficiently clear in the context of the specific facts alleged so that a reasonably competent official would understand that what he or she is doing violates the individual's rights." *Id*. (citing *Anderson v. Creighton*, 483 U.S. 635, 640-41 (1987)). "Qualified immunity protects government officials from suit unless their conduct violates a clearly established constitutional right of which a

reasonable person in the defendant's position would have known. The purpose of the doctrine is to allow public officers to carry out their duties as they believe are correct and consistent with good public policy." *Doe v. South Iron R-1 School Dist.*, 453 F.Supp.2d 1093, 1096 (E.D. Mo. 2006) (internal citations and quotations omitted)

Defendants argue Plaintiffs have failed to plead facts that establish that a reasonably competent administrator, counselor, or teacher would understand that they were violating C.S.'s rights under the Equal Protection Clause of the Constitution. Defendants again argue Plaintiffs' Complaint fails to allege facts sufficient to support a constitutional violation.

The Court finds Plaintiffs have pled enough to survive a motion to dismiss. The Court considers Plaintiff's allegations in a light most favorable to them. The Court makes no determination on whether Plaintiffs will be able to provide evidence to support their allegations and makes no ruling on whether Plaintiffs may ultimately prevail on their claims, or whether summary judgment may be appropriate once discovery is completed.

**3. Motion to Dismiss Individual Tort Claims.**

**A. Immunity.**

Defendants argue the tort claims against the individual Defendants in their official capacity are barred by the doctrine of sovereign immunity. The doctrine of sovereign immunity protects individual employees of the public entity when they are sued in their official capacity, since such suits are essentially direct claims against the public entity. Citing *Taylor v. St. Louis County Bd. of Election Com'rs,* No. 4:07CV1544 TCM, 2008 WL 250367 at *2 (E.D. Mo. Jan. 29, 2008). Plaintiffs' claims in Counts VI and VII against the Individual Employee Defendants in their official capacities are barred by sovereign immunity.

Defendants argue that the claims against the individual Defendants in their individual capacity are also barred by official immunity. Defendants contend Counts VI and VII are barred against the individual employee Defendants as a matter of law because they are public employees immune from claims arising from the performance of discretionary acts under the doctrine of official immunity. Official immunity protects public employees from liability for alleged acts of negligence committed during the course of their official duties for the performance of discretionary acts or omissions. *Southers v. City of Farmington*, 263 S.W.3d 603, 610 (Mo. banc 2008). The official immunity doctrine does not provide immunity for torts committed when acting in a ministerial capacity. *Id*. "Official immunity is intended to provide protection for individual government actors who, despite limited resources and imperfect information, must exercise judgment in the performance of their duties." *Id*. at 611. "The goal is to permit public employees to make judgments affecting public safety and welfare without concerns about possible personal liability." *Id*.

The Court is concerned that some of the allegations set forth in Plaintiffs' Complaint are presented as discretionary actions taken by the individual Defendants – not ministerial. Again, the Court is not analyzing whether Plaintiffs may ultimately prevail. However, before Plaintiffs would be allowed to present this case, in any form, to a jury, Plaintiffs would be required to provide more specific allegations and evidence regarding what specific ministerial duties were allegedly at issue in each of their specific claims against each specific individual Defendant. Defendants' concerns regarding Plaintiffs' allegations being vague and overly broad are not taken lightly. However, for purposes of the motion to dismiss the Court denies the motion to dismiss based on official immunity. The Court believes these concerns can be adequately addressed through discovery.

### B. Insufficiency of Pleading/Burden.

The Court rules similarly regarding Defendants' arguments that the claim of negligence against each of the individual Defendants is too vague and that they "cannot litigate a matter when it is unclear to them what acts and omissions Plaintiffs believe were negligent." Plaintiffs will ultimately be required to specify their specific allegations of negligence against each individual Defendant and to identify specifically the ministerial duty breached. Failure to produce additional evidence in support of this claim, including how any such actions were not discretionary in nature, will result in the ultimate dismissal of these claims at the dispositive motion stage.

In Count VII Plaintiffs allege intentional or reckless infliction of emotional distress. "The tort of intentional infliction of emotional distress has four elements: (1) the defendant must act intentionally or recklessly; (2) the defendant's conduct must be extreme and outrageous; and (3) the conduct must be the cause (4) of severe emotional distress." *Polk v. INROADS/St. Louis, Inc.*, 951 S.W.2d 646, 648 (Mo. Ct. App. 1997). "The defendant's conduct must be more than malicious and intentional; and liability does not extend to mere insults, indignities, threats, annoyances, or petty oppressions." *Id*. The test adopted by Missouri courts is that the "the conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.*

This cause of action has a very high burden for Plaintiffs to meet. However, once again the Court will allow Plaintiffs to proceed at this time. Whether Plaintiffs will be able to produce evidence to submit any such claim will be determined after discovery has been completed.

### 4. Motion to Dismiss Count IV - Violation of Ministerial Duties and Count IX - State Created Danger.

Defendants move to dismiss Counts IV and IX stating they are not "stand alone claims" but rather are standard parts of other claims made by Plaintiffs. Defendants argue there are no

13

separate causes of action for violating ministerial duties or for state created danger. These are instead elements that must be asserted, along with supporting facts, in other claims. This Court agrees and grants the motion to dismiss Counts IV and IX. Plaintiffs have not provided any support or argument that these two separate counts are separate causes of action distinct from their other claims. These allegations are part of the legal theories Plaintiffs pursue in other Counts.

   5. **Coverdell Act.**

In addition, Defendants argue Plaintiffs' claims against the individual Defendants are barred under the Coverdell Act. Citing 20 U.S.C. §§6731-6738 (2006). The Coverdell Act immunizes teachers, principals, and other school professionals from liability when they take "reasonable actions to maintain order, discipline, and an appropriate educational environment." Citing *Husk v. Clark Cnty. Sch. Dist.*, 125 Nev. 1046, 281 P.3d 1183 (2009). The Coverdell Act states that it protects teachers from liability for conduct that is "not caused by willful or criminal misconduct, gross negligence, reckless misconduct, or a conscious, flagrant indifference to the rights or safety of the individual harmed by the teacher"—thereby limiting its grant of immunity to simple negligence claims, even though the purpose of the Act indicates that it protects teachers' "reasonable" actions. *Id.*

The Court again finds Plaintiffs have pled sufficient facts to survive a motion to dismiss. However, whether Plaintiffs can establish such conduct based on the evidence in this case is yet to be determined. If Plaintiffs' claims ultimately amount to claims of negligence, and there is no evidence of willful or criminal misconduct, gross negligence, or reckless misconduct Plaintiffs' claims will fail. However, based on the extensive allegations of misconduct alleged in the Complaint the Court denies the motion to dismiss based on the Coverdell Act at this time.

### 6. Motion to Dismiss Count II - Disability Discrimination Section 504 of the Rehabilitation Act of 1973.

A plaintiff must make a showing of "either bad faith or gross misjudgment ... before a [Section] 504 violation can be made out." *M.P. ex rel. K. v. Indep. Sch. Dist. No. 721*, 326 F.3d 975, 981–82 (8th Cir. 2003) (citations omitted). *Id*. "Where alleged ADA and § 504 violations are based on educational services for disabled children, the plaintiff must prove that the school officials acted in bad faith or with gross misjudgment." See *Baker v. Bentonville School District*, 610 Fed.Supp.3d 1157, 1164 (W.D. Ark. 2022), citing *Richardson v. Omaha Sch. Dist*., 957 F.3d 869, 876 (8th Cir. 2020) (citing *Birmingham v. Omaha Sch. Dist*., 220 F.3d 850, 856 (8th Cir. 2000)). To prove bad faith or gross misjudgment, "a plaintiff must show that the defendant's conduct departed substantially from accepted professional judgment, practice or standards so as to demonstrate that the persons responsible actually did not base the decision on such a judgment." *Id*. (internal quotations and citation omitted).

The Court finds Plaintiffs have alleged the elements of this claim. Whether Plaintiffs can prove Defendants acted in bad faith or with gross misjudgment is premature for the Court to determine at this time.

### 7. Motion to Dismiss Count III - Violation of RSMo § 160.775 and District Policies.

RSMo § 160.775 requires every school district in the state to adopt an anti-bulling policy. The statute defines bullying as "intimidation or harassment that causes a reasonable student to fear for his or her physical safety." Plaintiffs allege in Count III that by operation of law, defendant School District is mandated to comply with this statute and that the failure to do so is a breach of duty owed the Plaintiffs and others similarly situated and a violation of the statute.

It is not alleged that Defendants failed to adopt an anti-bullying policy. Rather, Plaintiffs alleged Defendants failed to comply with their adopted anti-bullying policy. Defendants argue this

15

does not state a cause of action and that the statute is silent regarding how a school district should comply with its adopted policy.

The Court has reviewed the briefs and the statute at issue. The Court does not find that the legislature intended to create a separate cause of action or a waiver of sovereign immunity in the creation of this statute. How Defendants implemented, or allegedly failed to implement, their anti-bullying policy might be evidence in support, or defense, of other claims in this case. However, the Court finds Plaintiffs have failed to state a separate cause of action for violation of this statute. The Court dismisses Count III.

**8. Statute of Limitations.**

Finally, in Count V, Plaintiffs allege discrimination in public accommodation against Defendants pursuant to Missouri Revised Statute §213.065. The public accommodation statute is part of the Missouri Human Rights Act ("MHRA"), which requires that "as a jurisdictional condition precedent to filing a civil action under this chapter, any person claiming to be aggrieved by an unlawful discriminatory practice shall make, sign and file with the commission a verified complaint in writing, within one hundred eighty days of the alleged act of discrimination…." Mo. Rev. Stat. §213.075.

A Charge of Discrimination brought by Plaintiffs on behalf of C.S. was jointly filed with the Missouri Commission on Human Rights ("MCHR") and Equal Employment Opportunity Commission ("EEOC") on October 5, 2023. Defendants contend that any acts of discrimination alleged by Plaintiffs occurring prior to April 8, 2023, are time barred as a matter of law and should be dismissed.

Plaintiffs did not respond to this argument. The Court finds that any claims brought pursuant to the Charge of Discrimination the 180-day statutory time period shall apply. Again, the

16

Case 2:24-cv-04130-MDH    Document 104    Filed 09/29/25    Page 16 of 17

Court will be able to more properly apply the determination of what claims, if any, are time barred based upon the specific evidence set forth by Plaintiffs in support of their claims.

## DECISION

Wherefore, for the reasons set forth herein, the Court **Grants in part and Denies in part** Defendants' Motions as follows:

The Court **GRANTS** the motion for judgment on the pleadings on Count VI and Count VII against the School District and Board of Education. (Doc. 24). Similarly, the Court further **GRANTS** the motion to dismiss Plaintiffs' claims against the individual defendants in their official capacity.

The Court **GRANTS in part** the motion to dismiss, and dismisses Count III, Count IV and Count IX as stated herein.

The Court **DENIES** Defendants' motion to dismiss the remaining claims.

**IT IS SO ORDERED.**

DATED: September 29, 2025

                                           */s/ Douglas Harpool*
                                           **DOUGLAS HARPOOL**
                                           **UNITED STATES DISTRICT JUDGE**